UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Civil Action No. __6:21-cv-01997__

JAMIE MAY, individually, and
behalf of all others similarly situated,

 Plaintiff,

v.

FIA LIQUIDATION COMPANY, INC. d/b/a
FIORELLA INSURANCE AGENCY, INC.,

 Defendant.
_____/

## CLASS ACTION COMPLAINT

**NOW COMES** JAMIE MAY ("Plaintiff"), individually, and behalf of all others similarly situated, through her undersigned counsel, complaining of FIA LIQUIDATION COMPANY, INC. d/b/a FIORELLA INSURANCE AGENCY, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*.

2. "The primary purpose of the TCPA was to protect individuals from the harassment, invasion of privacy, inconvenience, nuisance, and other harms associated with unsolicited, automated calls." *Parchman v. SLM Corp.,* 896 F.3d 728, 738-39 (6th Cir. 2018) *citing* Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2, 105 Stat. 2394 (1991).

1

3. As the Supreme Court recently observed, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

5. Venue in this district is proper under 28 U.S.C. § 1391(b)(2) as a substantial portion of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## PARTIES

6. Plaintiff is a natural person, over 18-years-of-age, who at all times relevant resided in this judicial district.

7. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

8. Defendant is an insurance provider that markets its insurance products to consumers nationwide.

9. Defendant maintains its principal place of business in Stuart, Florida.

10. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

## FACUTAL ALLEGATIONS

11. Upon information and belief, Defendant develops marketing campaigns using a combination of sales channels, with an emphasis on outbound telemarketing.

12. Upon information and belief, Defendant utilizes third party vendors to market its insurance products.

13. Upon information and belief, Defendant's vendors are essential to the success of its telemarketing campaigns.

14. Upon information and belief, Defendant's ability to generate revenue depends significantly on its access to high-quality vendors.

15. Defendant is subject to liability under the TCPA for actions of its third party vendors who engage in outbound telemarketing efforts on its behalf.

16. Upon information and belief, Defendant's third party vendors identify themselves as representatives of "Fiorella Insurance Agency."

17. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the number ending in 2954.

18. At all times relevant, Plaintiff's number ending in 2954 was assigned to a cellular telephone service as defined by 47 U.S.C. § 227(b)(1)(A)(iii).

19. At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and services.

20. In September 2021, Plaintiff started to receive solicitation calls from Defendant.

21. When Defendant's calls began, Plaintiff did not recognize Defendant's phone number and did not answer Defendant's phone calls.

22. In the calls that reached Plaintiff's voicemail, Defendant left the following prerecorded voicemail:

> "Hello this is Lynn from Friorella Insurance, your local agency for Florida Blue. I am calling regarding your request for health insurance. If you can please return my call as soon as you can, my number is 772-223-2910, again my number is 772-223-2910. Thanks and have a great day."

23. At no point in time did Plaintiff request health insurance from Defendant.

24. Shortly after receiving Defendant's prerecorded voicemails, Plaintiff answered one of Defendant's phone calls and requested that Defendant cease its solicitation calls.

25. Despite Plaintiff's request that the calls cease, Defendant continued to bombard Plaintiff with prerecorded messages ("robocalls").

26. Specifically, Defendant would place multiple robocalls per day to Plaintiff's cellular phone.

27. Frustrated with the unwanted robocalls, Plaintiff again answered one of Defendant's solicitation calls and again requested that Defendant cease its calls.

28. Plaintiff's requests fell on deaf ears again and Defendant continued to bombard Plaintiff with daily robocalls.

29. On some days, Defendant would place over ten (10) robocalls to Plaintiff's cellular phone.

30. Defendant's robocalls were placed from the phone number (386) 266-1060.

31. In total, Defendant has placed no less than seventy (70) robocalls to Plaintiff's cellular phone (without Plaintiff's consent) that resulted in Defendant leaving prerecorded messages on Plaintiff's cellular phone.

32. Plaintiff never provided her cellular phone number to Defendant or otherwise provided Defendant with consent to place calls to her cellular phone.

## DAMAGES

33. Defendant's illegal solicitation practices have caused Plaintiff actual harm, including but not limited to, invading Plaintiff's privacy, nuisance, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the solicitation calls,

decreased productivity, aggravation that accompanies unwanted solicitation calls, frustration, loss of concentration, and the loss of battery charge.

34. Moreover, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize her cellular phone while her phone was ringing.

35. Concerned with the escalation of Defendant's invasive solicitation practices, Plaintiff retained counsel to file this action to compel Defendant to cease its unlawful practices.

## CLASS ALLEGATIONS

36. Paragraphs 11 through 35 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

37. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated ("Putative Class") defined as follows:

> All individuals in the United States (1) to whom Defendant, or a third party acting on its behalf, placed, or caused to be placed, a phone call; (2) directed to a number assigned to a cellular telephone service; (3) using an artificial or prerecorded voice; (4) without the prior express written consent of the called party; (5) within the four years preceding the date of this complaint through the date of class certification.

38. The following individuals are excluded from the Putative Class: (1) any Judge or Magistrate Judge presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) individuals who properly execute and file a timely request for exclusion from the Putative Class; (5) the legal representatives, successors or assigns of any such

excluded individuals; and (6) individuals whose claims against Defendant have been fully and finally adjudicated and/or released.

**A.     Numerosity**

39.     Upon information and belief, the members of the Putative Class are so numerous that joinder of them is impracticable.

40.     The exact number of the members of the Putative Class is unknown to Plaintiff at this time and can only be determined through targeted discovery.

41.     The members of the Putative Class are ascertainable because the Class is defined by reference to objective criteria.

42.     The members of the Putative Class are identifiable in that their names, addresses, and telephone numbers can be identified in business records maintained by Defendant or its third party vendors.

**B.     Commonality and Predominance**

43.     There are many questions of law and fact common to the claims of Plaintiff and the claims of the members of the Putative Class.

44.     Those questions predominate over any questions that may affect individual members of the Putative Class.

**C.     Typicality**

45.     Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to damages as a result of Defendant's conduct.

**D.     Superiority and Manageability**

46. This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

47. The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

48. By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

49. Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

**E.     Adequate Representation**

50. Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

51. Plaintiff has no interests antagonistic to those of the members of the Putative Class and Defendant has no defenses unique to Plaintiff.

52. Plaintiff has retained competent and experienced counsel in consumer class action litigation.

<u>**CLAIMS FOR RELIEF**</u>

**COUNT I:**
**Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)**
**(On behalf of Plaintiff and the Members of Putative Class)**

53. Paragraphs 11 through 35 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

54. Among other things, the TCPA prohibits certain calls to wireless and residential numbers unless the caller has the prior express consent of the called party. 47 U.S.C. § 227(b)(1)(A).

55. Under the TCPA consent rules, some types of calls require prior express written consent, while other types of calls do not require that the consent be in writing.

56. "Prior express written consent" is required for (a) all telemarketing/promotional calls/texts made using an automatic telephone dialing system ("ATDS") placed to wireless numbers, and (b) all artificial or prerecorded telemarketing/promotional voice calls to wireless and residential numbers.[1]

57. The TCPA consent rules define "prior express written consent" as "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an ATDS or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered."

58. Defendant violated § 227 (b)(1)(A)(iii) of the TCPA by placing or causing to be placed no less than seventy (70) robocalls to Plaintiff's cellular telephone, utilizing an artificial or prerecorded voice, without Plaintiff's prior express written consent.

59. As pled above, Defendant used an artificial or prerecorded voice that automatically played upon the call reaching Plaintiff's voicemail.

---

[1] 47 C.F.R. §§ 64.1200(a)(2) and (3).

60. As pled above, Plaintiff never provided Defendant with her cellular phone number or otherwise consent to receiving robocalls from Defendant.

61. Moreover, as pled above, Plaintiff revoked any prior consent Defendant may have believed it had during phone calls that Plaintiff answered.

62. Upon information and belief, it is Defendant's business practice to place robocalls to consumers without their prior express written consent, a practice designed to maximize profits at the expense of consumers.

63. Upon information and belief, Defendant does not maintain adequate procedures or protocols to ensure that Defendant has the requisite consent to place robocalls to consumers.

64. As a result of Defendant's knowing and willful violations of the TCPA, Plaintiff and the members of the Putative Class are entitled to receive up to $1,500.00 in treble damages for each such violation.

**WHEREFORE**, Plaintiff, on behalf of herself and the members of the Putative Class, requests the following relief:

A. an order granting certification of the proposed class, including the designation of Plaintiff as the named representative, and the appointment of the undersigned as Class Counsel;

B. an order enjoining Defendant from placing or causing to place further violating calls to consumers;

C. judgment in Plaintiff's favor for Defendant's violations of the TCPA;

D. judgment in favor of the putative class for Defendant's violations of the TCPA;

E.   an award of $500.00 in damages to Plaintiff and the members of the Putative Class for each violating call;

F.   an award of treble damages up to $1,500.00 to Plaintiff and the members of the Putative Class for each violating call; and

G.   any further relief this Court deems just and proper

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: November 24, 2021			Respectfully submitted,

**JAMIE MAY**

By: /s/ *Alexander J. Taylor*

Alexander J. Taylor, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd (Of Counsel)
2500 S Highland Ave, Suite 200
Lombard, IL 60148
(630) 575-8181
ataylor@sulaimanlaw.com